UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

IN RE:  Michael Porzio                    )  Chapter 13
                                          )  Case No. 17-50418  (AMN)
          Debtor(s)                       )  September 8, 2017

MEMORANDUM OF LAW REGARDING ELIGIBILITY TO BE A DEBTOR

The Chapter 13 Trustee has moved to dismiss the above captioned petition based on the Debtor having secured debts that exceed the statutory debt limits.  The Trustee based this assertion on the claims register in the case, and a review of judgments of strict foreclosure entered in the Superior Court for the State of Connecticut. The Trustee notes that at the present time there are four claims in the case filed as secured.  These are claims one, three, four and five. These claims total $7,181,881.90.  The Trustee is aware of the following matters where judgments of foreclosure have entered in the Superior Court.

In Deutsche Bank v Michael Porzio, et al FST-CV-11-6011134 a judgment of foreclosure entered with a debt of $521,853.27 as of April 29, 2014, exclusive of costs and fees.  Based on the property address and amount of debt this appears to be the debt evidenced by proof of claim 4.

In JP Morgan Chase Bank v Michael Porzio, et al FST CV 09-5010388 a judgment of strict foreclosure entered as of March 23, 2015 finding a debt exclusive of costs of $3,866,947.06. . Based on the property address and amount of debt this appears to be the debt evidenced by proof of claim 3.

In Deutsche Bank National Trust Company v Porzio, FBT-CV-136036274 a judgment of strict foreclosure entered on June 20, 2016 and finding a debt totaling $1,332,455.35, exclusive of costs. Based on the property address and amount of debt this appears to be the debt evidenced by proof of claim 5.

The requirement that a Chapter 13 Debtor not have debts exceeding a certain limit is found in 11 USC section 109(e).

"Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, … secured debts of less than $1,149,525.00…may be a debtor under this chapter 13 of this title."

The Debtor appeared to assert at oral argument on the motion to dismiss that his secured debts should not be counted against the debt limit based on his assertion that he did

1

not owe the debts. The fact that judgments of foreclosure have entered with regard to the debts appears to limit the ability of the Debtor to dispute the debts as a matter of law. Assuming for the sake of argument that the Debtor still has the legal ability to dispute the debts, it is not relevant for claims purposes.

While some courts have held that a dispute regarding liability may affect whether a debt is contingent or liquidated, the majority rule and the rule followed in the Second Circuit and in prior Connecticut Bankruptcy Court decisions is that, "In sum, where an unsecured claim, though disputed, is both noncontingent and liquidated, the debt that is coextensive with that claim must be included in the calculation that determines the debtor's Chapter 13 eligibility." In re Mazzeo, 131 F.3d 295, 305 (2nd Cir. 1997).

"The mere fact that the amount of or liability on a claim is disputed does not necessarily render the claim unliquidated." In re Toronto, 165 B.R. 746, 752 (Bkrtcy. Connecticut 1994) citing In re Harbaugh, 153 B.R. 54, 55 (Bankr.D.Idaho 1993); In re Jerome, 112 B.R. 563, 566 (Bankr.S.D.N.Y.1990).

This appears to be the rule followed by other appellate courts that have considered the issue.

"The majority of the courts outside this circuit that have considered the question have determined that a debt is liquidated if the amount of the debt is readily ascertainable. These courts have ruled that a dispute regarding liability does not necessarily render a debt unliquidated. *See Mazzeo v. United States (In re Mazzeo),* 131 F.3d 295, 304 (2d Cir.1997) (holding that liquidated refers to the value of the claim and not the existence of liability); *United States v. Verdunn,* 89 F.3d 799, 802 (11th Cir.1996) (same); *In re Knight,* 55 F.3d 231, 235 (7th Cir.1995) (holding that if amount of claim can be determined, then debt is liquidated even though debtor may dispute liability); *In re Barcal,* 213 B.R. 1008, 1013-14 (8th Cir. BAP 1997) (holding a debt is liquidated if the process for determining the amount of the claim is "fixed, certain, or otherwise determined by a specific standard" regardless of whether liability is disputed or the amount of evidence which may need to be considered to determine if there is liability)." In re Slack, 187 F.3d 1070, 1074 (9th Cir. 1999).

These debts based on promissory notes and reduced to judgment are clearly liquidated and non contingent. To the extent that the Debtor still retains any ability to argue that he does not have liability to the parties seeking to enforce the notes and mortgages, that is irrelevant for the purposes of determining whether his level of secured debt exceeds the limits for Chapter 13 eligibility.

        Roberta Napolitano
        Chapter 13 Standing Trustee

        /s/Patrick Crook
        By Patrick Crook
        Staff Attorney
        Roberta Napolitano, Esq.
        Chapter 13 Standing Trustee
        Federal Bar No.: CT07670
        10 Columbus Blvd., 6th Floor
        Hartford, Connecticut 06106
        Tel: 860-278-9410, ext. 13
        Fax: 860-527-6185
        pcrook@mtwhiton.com

## CERTIFICATION OF SERVICE

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002 and 7004 the undersigned certifies that on the 8th day of September 2017 the following documents were served on the United States Trustee and all appearing parties via the court's electronic filing system and by first class mail on the parties listed below:

Documents Served:

Objection to Confirmation

Parties Served via first class mail

**Michael Porzio**
2 Angora Road
Westport, CT 06880

        ___/s/Patrick Crook___
        Patrick Crook