UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
**Bridgeport Division**

| | | |
|---|---|---|
| IN RE: | : | |
| MICHAEL PORZIO, | : | CHAPTER 13 |
|     Petitioner | : | |
| | : | CASE NO: 17-50418 (JAM) |
| | : | |
| | : | SEPTEMBER 6, 2017 |

**PETITIONER'S OBJECTION TO PROOF OF CLAIM 1-1
FILED BY "WELLS FARGO BANK, N.A."**

The Petitioner Michael Porzio in the above-captioned bankruptcy petition hereby enters his Objection to a certain *Proof of Claim*, No. **1-1**, filed by the claimed entity "Wells Fargo Bank, N.A." [hereinafter, "claimant"], filed in the amount of $1,096,880.62. Petitioner objects on the grounds that the proffered Instrument that seeks to stand for the proposition that Debtor is indebted to claimant does not bear his signature. Petitioner also objects on other grounds as shall be apparent herein-following.

**1.    PRELIMINARY STATEMENT**

1.    The Petitioner commenced this matter in bankruptcy by the filing of a Chapter 13 Petition on April 18, 2017. The deadline for filing claims was 30 August 2017.

2.    Claimant herein filed its claim as Claim No. 1-1 in 16 pages, signed by Gwendolyn Kay Mills, Vice President Loan Documentation" on 07 June 2017. Claimant included was is purported to be a *Mortgage and Case Information* section [*See*: pg. 4] and a *"Loan Payment History (from first date of default)"* [*See*: Pgs. 4-16]. Claimant further submitted to the Court what it professed was "Part 2," containing 24 pages of what were represented to be supporting "Exhibits." *See*: Sec. Claim 1-1, Part 2.

1

## II.    FACTUAL ALLEGATIONS

3.    Official Form 410 dated June 07, 2017 is represented as electronically signed by Gwendolyn Kay Mills of claimant "Wells Fargo," and no address is provided in the signature execution section of Proof of Claim 1-1, Part 3, pg. 3. Accordingly, the Proof is not properly executed and remains an unperfected instrument.

4.    Further examination of the *Proof* suggests that the "location of creditor" is in Egan, Minnesota. *See*: pg. 1.

5.    The *Mortgage Proof of Claim Attachment*, Part 1, *Mortgage and Case Information*, specifies that the "Debtor 1" is "Michael Porzio."

6.    What is being advanced as the "note" is proffered on page **1** of Part 2 of Claim 1-1. That copy on its face indicates a "Pick-a-Payment Loan" from World Savings Bank, FSB.

7.    On page **6** of 24 of Claim 1-1, Part 2, titled as "Signature Page," there is the sole signature of someone named "L. MICHAEL PORZIO." This "L. Michael Porzio" is not the Petitioner in this bankruptcy matter.

8.    The paper is bereft of any suggestion of Indorsement by guaranty or surety by the Debtor.

9.    The balance of the various papers that claimant submits to the Court in Claim 1-1 are bereft of any reference to Michael Porzio, and all including various apparent copies of correspondence all are directed solely to "L. Michael Porzio."

10.    The purported electronic signer of the Proof, avers that: "I have examined the information in the Proof of Claim and have a reasonable belief that the information is true and correct; I declare under penalty of perjury that the foregoing is true and correct."

11.     Petitioner believes that the Proof of Claim was filed by the appearing attorney Linda St.Pierre, an attorney and partner of McCalla Raymer Liebert Pierce, LLC, who is well-known to this Court.

### III.    ARGUMENT

12.     Creditor must prove that it is rightfully entitled to the amount set forth in its Claim. When a Creditor files a Proof of Claim, the Claim is taken by the Court as factual and a foundation for the Creditor's application for payment. The burden of challenging the claim then shifts to the Debtor.

13.     No Instrument proffered in the *Proof of Claim*, 1-1, suggests any debt owed by this Petitioner. Instead, the papers all point to the Petitioner's son, Lawrence Michael Porzio. In particular, one possible source of evidence of an indebtedness might be a Note. What has been proffered as a "note" is apparently issued by yet another entity, not recited here, and apparently signed by another, not the Petitioner.

14.     POC #1-1 lacks evidentiary support for the claimed amount, thus preventing the claim from amounting to prima facie evidence of its validity. The Ninth Circuit BAP has held that:

> "A creditor who files a proof of claim that lacks sufficient support under
> Rule 3001(c) and (f) does so at its own risk. That proof of claim will lack
> prima facie validity, so any objection that raises a legal or factual ground
> to disallow the claim will likely prevail absent an adequate response by
> the creditor."

3

*In re Campbell*, 336 B.R. 430, 436 (9th Cir. BAP 2005); See also, *In re Heath*, 331 B.R. 424, 437 (9th Cir. BAP 2005). A claimant must attach copies of writings upon which claims are based in order to carry its burden of establishing a prima facie case against the debtor. *Hardin v. Gianni (In re King Street Investments Inc.)*, 219 B.R. 848, 858 (BAP 9th Cir. 1998). Here, no such proof is provided.

15.    The suggestion seemingly being advanced by claimant is that, because it suggests it has a debtor-creditor relationship with the Petitioner's *son*, therefore it has a special right to go levy its claim as against the father, Petitioner herein. There is no foundation in law for the proposition being advanced, however obliquely, by claimant via the Hunt, Leibert/McCalla Raymer law firm that claimant has this unique right.

16.    Because the claimant "Wells Fargo," whatever its true character, cannot be heard to demand, and receive, favored and special creditor considerations from this Court not available to other creditors generally, and because the filed Proof recites yet another not before the Court, and because it lacks documentary support, it should be denied.

17.    Debtor's Objection must be sustained.

## IV. CONCLUSION

**WHEREFORE**, the Debtor objects to Proof of Claim #1-1 as filed by the claimant "Wells Fargo," and respectfully asks this Court:

1. Find Proof of Claim #1-1 to be expunged and not entitled to any distribution for the bankruptcy estate;

2. For such other and further relief to the Debtor as this Court may deem just and proper, in the circumstances that pertain.


BY THE PETITIONER/DEBTOR

_____
MICHAEL PORZIO
2 Angora Road
Westport, CT 06880
203-858-1914

Certificate of Service

The undersigned, Debtor, hereby certifies service of the above *Objection to Proof of Claim 1-1 filed by claimant "Wells Fargo Bank, N.A.,"* via the Court's ECM/ECF mail filing and distribution system upon Filing, or by United States mails, first-class postage prepaid, or by hand delivery, on September 11, 2017, to:

Roberta Napolitano, Esq.
10 Columbus Boulevard
Hartford, CT 06106 (Trustee)

Kim McCabe, Esq.
U. S. Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510


Linda J. St. Pierre, Esq.
McCalla Raymer Leibert Pierce, LLC
50 Weston St., Hartford, CT 06120
Telephone No. (860) 808-0606
Federal Bar No. CT 22287

_____
Michael Porzio