UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Bridgeport Division

2017 SEP 13 P 3: 13

| | | |
|---|---|---|
| IN RE:<br>MICHAEL PORZIO<br>    PETITIONER | :<br>:<br>: | CHAPTER 13<br>CASE NO. 17-50418 |
| DEUTSCHE BANK TRUST COMPANY<br>AMERICAS, AS TRUSTEE FOR RESIDENTIAL<br>ACCREDIT LOANS, INC., MORTGAGE ASSET-<br>BACKED PASS-THROUGH CERTIFICATES,<br>SERIES 2005-QA10<br>    MOVANT<br>VS | :<br>:<br>:<br>:<br>:<br>: | Docket No. _____ |
| MICHAEL PORZIO, DEBTOR<br>MOLLY T. WHITON, TRUSTEE<br>    RESPONDENT | :<br>: | SEPTEMBER 13, 2017 |

### PETITIONER'S PRELIMINARY OBJECTION
### TO MOVANT'S MOTION FOR RELIEF FROM STAY,
### IN REM ORDER, AND RELATED EQUITABLE RELIEF
[See: Doc. 51]

The Petitioning Debtor in the above-captioned bankruptcy Petition, and Respondent Homeowner in this proceeding, hereby submits his *Preliminary Objection to Movant's Motion for Relief from Stay*, on a plurality of grounds but preliminarily on the grounds of sand-bagging of the Petitioner, by filing both a *Proof of Claim 4-1* (in 131 pages) and its *Stay-relief Motion* (in 120 pages) together on the cusp of the Labor Day weekend, without Notice to the Respondent, posting a very tight Response Date, and then placing same for delivery to Respondent by the mails, all in the aforeknowledge that the Labor Day Weekend would clog up the U.S. Mails, and cause a late delivery of the vast poundage of paper which this Petitioner would have to sort out and attempt to digest even before attempting to formulate a cogent Answer.

1

Counsel for Movant, Linda St.Pierre, is yet once again engaging in a deceit, a pernicious practice of sand-bagging in order to overwhelm the homeowner and obtain an advantage to which neither she nor her client are entitled, neither in law nor in equity. This is a blatant bad-faith abuse of the bankruptcy courts and should be roundly chastised by the Court.

The Petitioning homeowner claims and reserves the right to supplement this *Preliminary Objection* with further responsive pleadings and evidentiary matter, as time and further study allows.

**I.    The Movant name does not describe the actual creditor.**

The Motion Paper [Doc. 51] describes the entity bringing the *Motion for Stay-Relief* [hereinafter: "the Motion"] as the entity "*Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-A10*, a secured creditor" of the Petitioner's property located at 11 Bulkley Avenue North, Westport CT 06880 [hereinafter: "the Property"].

Now the problem with this descriptive is that there is no record within the Securities and Exchange Commission as to any such trust. Indeed, inputting the name *Residential Accredit Loans, Inc.* in any of its variations into the CIK Look-up Tool on the EDGAR website maintained at sec.gov turns up "no records found."

This should not be surprising. The Petitioner, with some digging, has discovered that the entity "Residential Accredit Loans, Inc." involves itself with securitized trusts strictly as a "Depositor," a party that sells paper as a bankruptcy-remote vehicle. The attached Form 10-D illustrates the role of "Residential Accredit Loans, Inc." limited to being a bankruptcy-remote vehicle: *See*: **Exhibit "A"**, attached.

2

The upshot of this is, whatever the name of the "creditor" might really be, it is not this name. The party presenting itself to and before the Court with a Petition to the Court for a redress of claimed aggrievement, is not the creditor. (It may not exist at all, being mis-named, but that is the Movant's problem, not the Petitioner's, nor the Court's.)

It is black-letter law that only the person or party that has suffered a real aggrievement can stand before the Court. It becomes clear that there is no loss or risk of loss due to any act or failure to act of this Petitioner, that would result in aggrievement by this "Depositor" entity; the entity is not a true creditor of Petitioner.

## II. The Motion pleads the claimed note is held by agent, Ocwen Loan Servicing LLC. Within such a framework, Movant cannot be heard to be a "note holder."

Integral to the Motion is the representation made to this Court that what is being asserted as "the note" [see: at para. 1] is in the hands of its "agent," the further entity Ocwen Loan Servicing LLC. Indeed, inspection of the concurrent *Proof of Claim*, Claim **4-1** filed 8/29/17 in 131 pages, sets forth that the "Creditor" is the Movant, while the "Notices to the Creditor" and the "Payments to the Creditor" should go to Ocwen Loan Servicing LLC in West Palm Beach, Florida. *See: Proof*, Part 1, Sec. 3.

Within its *Motion*, Movant asserts repeatedly that it is "the holder of the note." *See*: at ¶4. However, "holder" requires actual physical possession of the Instrument, which is specifically denied, as the continuing representation is that the document(s) are in the possession of "Ocwen." This sets up a classic problem for Movant, as it is well established that a "holder" requires actual physical possession of the "note" – which this Movant, whatever its earnest representations, simply does not and cannot claim.

3

Movant seeks to rely on Connecticut law for the proposition that it is entitled to foreclose. That reliance is misplaced. The Connecticut Appellate Court has considered these sets of facts in *Connecticut National Bank v. Marland*, 45 Conn. App. 352, 358 n.8 (1997), wherein plaintiff became owner of the note by assignment, but did not obtain possession of the note. The Court held that an action to foreclose a mortgage is an equitable action, while the action to enforce the note is an action at law, each seeking to enforce an Instrument given for different purposes.

It thus becomes apparent that being a mere holder of a note, as is the case alleged herein by Movant, is insufficient to prevail in an action in equity upon the security for the debt. That note merely grants the right to the purported holder to enforce an action at law. However, that does require that the party so seeking is actually in physical possession – which this Movant does not, and cannot, assert.

Movant prefers to have either party, the holder of the note or the owner of the debt, be able to foreclose upon a mortgage. Yet taking that view sets up a conundrum: a situation where, according to the logic and representations of Movant, two different parties could become claimants to the property underlying the security to the mortgage.

Yet herein, Movant seeks only to undertake "foreclosure" upon the property. *See* Motion, ¶ 4 ("the foreclosure will be conducted in the name of [Movant]. At the time of filing of this Motion, said entity, directly or through an agent, has possession of the promissory note."). Yet it cannot do so under the proffer of being a "holder of the note;" all that does is allow Movant to attempt a claim of monies from the debtor as to the cash value of the remainder due on the note.

4

### III. Conclusion

As the Movant has admitted that it is not the owner of the debt, but the holder of the note, it is precluded from asserting as against the Property that is contained within this bankruptcy proceeding. Accordingly, the *Motion* fails as a matter of law and cannot be granted by this Court in equity.

**Wherefore,** the Respondent Petitioner Objects to the *Motion for stay-relief* and prays that his Objection be sustained. Petitioner will supplement this Objection with more detailed Pleading after the 251 pages of paper with which Movant has graced this Court are studied and dissected.

BY THE PETITIONER,

MICHAEL PORZIO
2 Angora Road
Westport, CT 06880
(203) 858-1914

5

Certificate of Service

The undersigned, Debtor, hereby certifies service of the above *Objection to Motion for Relief from Stay filed by "Deutsche Bank Trust Company Americas, as Trustee,"* via the Court's ECM/ECF mail filing and distribution system upon Filing, or by United States mails, first-class postage prepaid, or by hand delivery, on September 13, 2017, to:

Roberta Napolitano
10 Columbus Boulevard
6th Floor
Hartford, CT 06106 (Trustee)

Kim McCabe, Esq.
U. S. Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510


Linda J. St. Pierre, Esq.
McCalla Raymer Leibert Pierce, LLC
50 Weston St., Hartford, CT 06120
Telephone No. (860) 808-0606
Federal Bar No. CT 22287

_____
Michael Porzio

6



EXHIBIT "A"

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

## FORM 10-D

### ASSET-BACKED ISSUER
Distribution Report Pursuant to Section 13 or 15(d) of
the Securities Exchange Act of 1934

For the monthly distribution period from <u>November 1, 2007 to November 30, 2007</u>

Commission File Number of issuing entity: <u>333-140610-02</u>

**RALI Series 2007-QA3 Trust**
(Exact name of issuing entity as specified in its charter)

Commission File Number of depositor: 333-140610

**Residential Accredit Loans, Inc.**
(Exact name of depositor as specified in its charter)

**Residential Funding Company, LLC**
(Exact name of sponsor as specified in its charter)

| New York | None |
|---|---|
| (State or other jurisdiction of incorporation or organization of the issuing entity) | (I.R.S. Employer Identification No.) |

| c/o Residential Funding Company, LLC, as Master Servicer 8400 Normandale Lake Boulevard Minneapolis, Minnesota 55437 | 55437 |
|---|---|
| (Address of principal executive offices of issuing entity) | (Zip Code) |

(952) 857-7000
(Telephone number, including area code)

N/A
(Former name, former address, if changed since last report)

| Title of Class | Registered/reported pursuant to (check one) | | | Name of exchange (If Section 12(b)) |
|---|---|---|---|---|
| | Section 12(b) | Section 12(g) | Section 15(d) | |
| Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QA3, in the classes specified herein | [ ] | [ ] | [X] | |

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.
Yes <u>X</u>   No __